IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCISCO JAVIER MADRID-DIAZ,

    Petitioner

  vs.                                        NO. 05cv538 BB/WDS

ALLEN COOPER, Warden of Cibola
County Correctional Center,

    Respondent

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

This matter comes before the Court on Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241.  (Doc. 1)  Petitioner seeks judicial review of the forfeiture of 24 days of Good Conduct Time.  Respondent contends that Petitioner failed to exhaust his administrative remedies, therefore his habeas petition should be dismissed.  (Docket No. 5)

BACKGROUND

On May 21, 1998 Petitioner plead guilty to Conspiracy to Possess Marijuana With Intent to Deliver.  He was sentenced to 120 months of federal imprisonment.  Petitioner's statutory release date is August 29, 2007.  However, Petitioner was eligible to receive up to 54 days of good conduct time each year of his incarceration, and up to 34 days in his final year.  Petitioner's maximum possible good time credit was 470 days, which meant that his projected release date was May 16, 2006,

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

assuming that he received all possible good time credits. Petitioner's current projected release date is June 6, 2006, 24 days after May 16, 2006. The 24-day delay in release arises from the fact that Petitioner did not receive the full 54-day good time credit in 2000 and 2001. Instead, Petitioner received 42 days of credit for each of the two years. Respondent alleges that Petitioner's good time credit was properly reduced in 2000 and 2001 because Petitioner did not perform satisfactorily in his GED program. Petitioner vigorously contends that his performance in the GED program in each of the years in question was sufficient to entitle him to a full 54-day good time credit.

On June 2, 2003; December 30, 2003; October 19, 2004; November 3, 2004; March 16, 2005 and April 10, 2005 Petitioner filed an "Inmate Request to Staff Form" questioning the calculation of his good time credit and the 24-day delay in his release date. Various staff members of the Cibola County Correctional Center responded to Petitioner's requests, both verbally and in writing. They advised Petitioner that his release date had been correctly calculated, and that the loss of twelve days each in 2000 and 2001 resulted from his withdrawal from GED courses. Enrique Ortiz, Secure Oversight Monitor for the Federal Bureau of Prisons, responded to Petitioner's April 10, 2005 Inmate Request to Staff Form, advising Petitioner that his request had been received, reviewed, and deemed unfounded. Mr. Ortiz encouraged Petitioner to use the prison's grievance process or the BOP's Administrative Remedy program if he wished to pursue the issue. Petitioner did not make use of either, but proceeded to file this petition under 28 U.S.C. 2241.

## ANALYSIS

The United States Attorney General, through the Bureau of Prisons (BOP), is responsible for administering a federal sentence, including computation of good time credit. *See United States v. Wilson*, 503 U.S. 329, 336 (1992). The BOP maintains a four-step procedure for processing inmate

grievances. See *Yousef v. Reno*, 254 F.3d 1214, 1220 (10th Cir. 2001). The inmate must first attempt to resolve his complaint informally with his prison counselor. 28 C.F.R § 542.13. If unable to reach an informal resolution, the inmate may then direct his complaint to the warden of his institution through a written administrative remedy request. 28 C.F.R §§ 542.13, 542.14. After the warden's response, if still unsatisfied, the prisoner may submit an appeal to the regional director at the regional office. 28 C.F.R. § 542.15(a). Finally, the inmate may appeal to the office of general counsel in Washington, D.C., the central office. 28 C.F.R. § 542.15. Each stage of the process has its own time limits and procedural instructions, and inmates are required to adhere to them. *McGee v. Federal Bureau of Prisons*, 118 Fed. Appx. 471, 2004 WL 2931365 at 3 (10th Cir. 2004).

In the alternative, Petitioner had access to the Cibola County Correctional Center grievance procedure, set forth in the Inmate Information Handbook, a copy of which is attached as Exhibit 1 to Respondent's response brief. (Doc. 5). Pursuant to the Handbook, the Inmate Request to Staff Form is the initial, informal step in the administrative grievance process. If the Inmate Request to Staff Form does not resolve the issue, there is a two step formal grievance process available to the inmate. Petitioner did not complete the two step, formal grievance procedure.

A district court may review the computation of jail-time credit against a federal sentence under 28 U.S.C. § 2241 only after the prisoner has exhausted administrative remedies. *United States v. Wilson*, 503 U.S. 329, 335-36; *Bennett v. United States Parole Commission*, 83 F.3d 324, 328 (10th Cir. 1996). In the current case, Petitioner failed to exhaust his administrative remedies through the Bureau of Prisons or through the Cibola County Correctional Center before seeking judicial intervention. It is clear that the inmate must not just start the administrative grievance process, but fully exhaust the process. See *Sandoval v. Booker*, 141 F.3d 1185, 1998 WL 109843 at 1 (10th Cir.

1998) (holding that dismissal without prejudice is proper when petitioner began but did not complete the administrative grievance process before filing a petition for a writ of habeas corpus).  Because the defendant failed to exhaust his administrative remedies, judicial intervention is improper. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *cf. United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) (vacating district court's award of sentence credit and refusing to reach merits of appeal because petitioner had not exhausted administrative remedies before seeking judicial review).

## CONCLUSION

The Court finds and concludes that Plaintiff has failed to exhaust his administrative remedies in connection with his complaints regarding the calculation of his good time credit.  Accordingly, the Magistrate Judge recommends that Plaintiff's habeas corpus petition should be dismissed without prejudice.

**W. Daniel Schneider**
**United States Magistrate Judge**